Rachelle V. Anderson
BOWMAN AND BROOKE LLP
150 S Fifth Street, Suite 3000
Minneapolis, MN 55402
Tel: (612) 339-8682
Fax: (612) 672-3200
Rachelle.Anderson@bowmanandbrooke.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFF WHITE, as Personal Representative for the Estate of KRISTI WHITE,<br><br>Plaintiff,<br><br>v.<br><br>PREVENTICE SOLUTIONS, INC.,<br><br>Defendant. | Case No. CV _____<br><br><br><br>**NOTICE OF REMOVAL** |

To: United States District Court
District of Montana Butte Division

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Preventice Solutions, Inc. ("Preventice") by and through its attorney, Bowman and Brooke LLP, hereby removes this action caption <u>Jeff White, as personal representative for the Estate of Kristi White v. Preventice Solutions, Inc</u>., Cause No. DV-21-523B, with reservation of all defenses, from the Eighteenth Judicial District Court of Montana, Gallatin County, in which the above-captioned matter is now pending, to the United States District Court for the District of Montana Butte Division. This Court has jurisdiction over this

**DEFENDANT PREVENTICE SOLUTIONS, INC.'S NOTICE OF REMOVAL**    Page 1

action pursuant to 28 U.S.C. § 1332(a). As grounds for this removal, Preventice shows the Court as follows:

## I. BACKGROUND

1. On May 19, 2021, Plaintiff Jeff White, as personal representative for the Estate of Kristi White, filed a complaint in the Montana Eighteenth Judicial District Court of Montana, Gallatin County entitled <u>Jeff White, as personal representative for the Estate of Kristi White v. Preventice Solutions, Inc.</u>, Cause No. DV-21-523B,, alleging a claim for negligence and wrongful death.  (Declaration of Rachelle V. Anderson ("Anderson Decl."), ¶ 2).

2. On May 21, 2021, Plaintiff's counsel served Preventice with the Summons and Complaint.  (<u>See</u>, Anderson Decl., ¶ 3; Exhibit 1).

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Preventice in the State Court Action are attached as Exhibit 1 to the Declaration of Rachelle V. Anderson.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and it is one which may be removed to this Court by defendant Preventice pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District for the District of Montana, Butte Division, is the federal judicial district and division embracing the Eighteenth Judicial District Court, Gallatin County, where the State Court Action was filed originally.

6. No previous application has been made for the relief requested herein. (See, Anderson Decl., ¶ 5.)

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Montana Eighteenth Judicial District Court, Gallatin County.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A. Diversity of Citizenship

8. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090, (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. See e.g., State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9. Plaintiff Jeff White, at the time the action was commenced, was and still is a citizen of the State of Montana and a resident of Gallatin County as reflected in Plaintiff's Complaint. (See, Anderson Decl., Exhibit 1 at ¶ 1.)

10. Preventice was a Delaware corporation with its principal place of business in Texas. Preventice was acquired by Boston Scientific Corporation ("Boston Scientific") on March 1, 2021. Boston Scientific is a Delaware corporation with its principal place of business in Marlborough, Massachusetts. (See, Anderson Decl., ¶ 6).

11. Complete diversity exists, and continues to exist, as of the date of this filing.

## B. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

12. In a case such as this, where the state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) citing Sanchez v. Monumental Life Insurance Co., 102 F.3d 398, 404 (9th Cir. 1996). In other words, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. Id.; See also, White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003). A defendant may carry its burden by showing that it is facially apparent from the complaint that plaintiff's claims are likely to exceed $75,000 or by presenting summary judgment type evidence that the amount in controversy is likely to exceed $75,000. Valdez v. Allstate Insurance Co., 372 F.3d 1115, 1117 (9th Cir. 2004) [citations omitted]; Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2006) (In

determining jurisdiction, the Court is not limited in its consideration to the complaint and notice of removal.)

13. The amount in controversy, for removal on the basis of diversity jurisdiction, may include damages, compensatory, punitive or otherwise, and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. Gonzales v. Car Max Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016).

14. Here, Plaintiff alleges Preventice failed to report a series of serious and critical heart events in connection with the use of Kristi White's BodyGuardian Mini+ heart monitor, resulting in Kristi White's death. Plaintiff is claiming damages as a result of the alleged negligence and wrongful death. (See, Anderson Decl., ¶ 4, Exhibit 1 at ¶ 15-16.) Specifically, Plaintiff is seeking recovery for emotional distress, pain and suffering, loss of established course of life, loss of earning capacity, loss of domestic services, loss of consortium, and out-of-pocket expenses, plaintiff's costs, attorney's fee and expenses; and for other and further relief as the Court deems just and proper. Id.

15. Based on the nature and extent of the damages being alleged, and the type of damages being sought, excluding interest and costs, it is more likely than not that the amount in controversy exceeds the minimum jurisdictional amount for this Court to exercise jurisdiction over this matter. See, Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1998) (finding that the amount in controversy likely exceeded $75,000 even though damages were not alleged in the complaint because the complaint sought damages for loss of property, travel expenses, pain and suffering, humiliation and inability to do work.)

### III. TIMELINESS OF REMOVAL

16. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b), because it is filed within 30 days after Preventice was served with Plaintiff's Complaint. (See, Anderson Decl., ¶ 3).

### IV. PLEA FOR REMOVAL

17. Based on the foregoing, all requirements for federal subject matter jurisdiction have been met. Preventice therefore requests that this action now pending against it in Montana Eighteenth Judicial District Court, Gallatin County, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

18. Preventice will promptly notify Plaintiff and the Montana Eighteenth Judicial District Court, Gallatin County, of this removal as required by 28 U.S.C. § 1446(d) and United States District Court, D. Mont. L.R. 3.3(a).

WHEREFORE, for the reasons set forth above, Preventice prays that this Notice of Removal be filed; that said State Court Action in the Eighteenth Judicial District Court of Montana, Gallatin County, being designated Cause No. DV-21-523B be removed to and proceed in this Court; that no further proceedings be had in said case in the Eighteenth Judicial District Court of Montana, Gallatin County; and that this Court assume full jurisdiction over this action as provided by law.

DATED this 11th day of June, 2021.

                       **BOWMAN AND BROOKE LLP**

               By:  *Rachelle V. Anderson*
                  Rachelle V. Anderson, Esq. (MN Bar#0396762)
                  rachelle.anderson@bowmanandbrooke.com
                  **BOWMAN AND BROOKE LLP**
                  150 South Fifth Street, Suite 3000
                  Minneapolis, MN  55402
                  Telephone: (612) 672-3269
                  Facsimile: (612) 672-3200

## CERTIFICATE OF SERVICE

I hereby certify that on June 11th, 2021, a true and correct copy of Preventice Solutions, Inc.'s Notice of Removal was served upon the following via U.S. Mail with a courtesy copy via electronic mail:

>John L. Amsden, Esq.
>Justin P. Stalpes, Esq.
>Beck, Amsden & Stalpes, PLLC
>2000 S. 3rd Ave., Unit A
>Bozeman, MT 59715
>justin@becklawyers.com
>info@becklawyers.com

Dated this 11th day of June, 2021

*Rachelle V. Anderson*
Rachelle V. Anderson
