GALLATIN COUNTY CLERK
OF DISTRICT COURT
SANDY ERHARDT

2021 MAY 19  AM 11: 38

FILED

BY_____ SD DEPUTY

John L. Amsden, Esq.
Justin P. Stalpes, Esq.
BECK, AMSDEN & STALPES, PLLC
2000 S. 3rd Ave., Unit A
Bozeman, MT 59715
Tel:   406-586-8700
Fax:   406-586-8960
amsden@becklawyers.com
justin@becklawyers.com
info@becklawyers.com

*Attorneys for Plaintiff*

* * * * * * *
MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
GALLATIN COUNTY
* * * * * * *

| | |
|---|---|
| JEFF WHITE, as Personal Representative for the Estate of KRISTI WHITE,<br><br>Plaintiff,<br><br>v.<br><br>PREVENTICE SOLUTIONS, INC.,<br><br>Defendant. | Cause No. DV-21-523B<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>(1) Summons |

Plaintiff, through counsel, brings this action against Defendant and alleges as follows:

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jeff White is Kristi White's surviving husband and personal representative of the Estate of Kristi White. Jeff White was, at all times relevant to this action, a resident of Gallatin County, Montana.

2. Defendant Preventice Solutions, Inc. is a Delaware corporation, with a principal place of business is Houston, Texas.

3. Defendant Preventice Solutions, Inc. markets and distributes its products throughout the United States, including in Montana. Defendant distributed a particular heart monitor, referred to as the BodyGuardian Mini+, which was sent to Montana and provided to Kristie White.

4. This Court has jurisdiction over the parties and the subject matter of this action because the damages complained of occurred in Gallatin County, Montana. Venue properly lies in the Eighteenth Judicial District Court of Montana, Gallatin County.

## ALLEGATIONS COMMON TO ALL COUNTS

5. On August 20, 2019, Kristi White was seen by Dr. Preston Schneider for chest palpitations. Dr. Schneider performed an ECG that showed a probable left atrial enlargement.

6. On September 5, 2019. Kristi White was provided a Preventice Solutions heart monitor, BodyGuardian Mini+.

7. When the BodyGuardian Mini+ records a serious or critical cardiac event, the monitor notifies Preventice Solutions.

8. On September 9, 2019, at approximately 4:53 p.m. (Central Time) Kristi White's BodyGuardian Mini+ heart monitor registered a serious cardiac event. The event was registered by Preventice Solutions at 4:59 p.m. (Central Time). A CRAT/CCT Tech reviewed the event, but did not report it to Kristi White or Kristie White's designated health care provider.

9. On September 13, 2019, at approximately 3:29 a.m. (Central Time) Kristi White's BodyGuardian Mini+ heart monitor registered another serious cardiac event. The event was registered by Preventice Solutions at 3:30 a.m. (Central Time). A CRAT/CCT Tech reviewed the event, but did not report it to Kristi White or a designated health care provider.

10. On September 15, 2019, at approximately 3:28 a.m. (Central Time) Kristi White's BodyGuardian Mini+ heart monitor registered a critical cardiac event. The event was registered by Preventice Solutions at 3:29 a.m. (Central Time). A CRAT/CCT Tech reviewed the event, but did not attempt to contact Kristi White until 5:13 a.m. (Mountain Time).

11. Kristi White was found unconscious and nonresponsive by Jeff White at approximately 6:30 a.m. (Mountain Time) on September 15, 2019. Jeff White attempted CPR and called emergency services at 6:40 a.m.

12. EMT services were unable to revive Kristi White.

## COUNT 1 – NEGLIGENCE

13. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

14. Defendant Preventice Solutions had a duty to act with reasonable care to properly monitor Kristi White's heart monitor and timely notify Kristie's health care providers and Kristie regarding the serious and critical cardiac event took place.

15. Defendant breached this duty by, *inter alia*, failing to properly monitor the heart monitor while Kristi White was using it and failing to contact, within a reasonable amount of time, an appropriate health care provider and Kristie White when the monitor indicted critical and serious cardiac events.

16. As a result of Defendant's negligence, Plaintiff suffered severe and lasting injury, for which the Estate and individuals who have wrongful death claims are entitled to compensation.

## COUNT 2 – SURVIVAL CLAIMS

17. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

18. Prior to her death, Kristi White had causes of action against the Defendant, including negligence.

19. These causes now belong and are being asserted by the Estate of Kristi White, by and through her Personal Representative Jeff White, pursuant to Mont. Code Ann. § 27-1-501.

20. Damages to which Kristi White's Estate is entitled include, but are not limited to, emotional distress, mental and physical pain and suffering, loss of established course of life, loss of earning capacity and loss of domestic services.

## COUNT 3 - WRONGFUL DEATH

21. Plaintiff hereby incorporates every other allegation in this complaint as though fully set forth herein.

22. As a result of the death of Kristi White, Plaintiff, the heirs of Kristi White's Estate and those close to Kristi have suffered damages compensable in a wrongful death action pursuant to Mont. Code Ann. § 27-1-513.

23. Damages which the Plaintiff seeks include but are not limited to emotional distress, mental and emotional pain and suffering, loss of consortium, the loss of comfort and society; the reasonable value of the contributions in money that Kristi White would reasonably have made for care and support, out-of-pocket expenses and all other damages as under all the circumstances of the case may be just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for all the damages allowed by law, including but not limited to:

1. All damages, special and general, recoverable under Montana law, including but not limited to all economic and non-economic damages in a reasonable sum to be proven at trial; and

2. Such other relief, including attorneys' fees and pre or post-judgment interest, as the Court deems just and proper under the circumstances, or that is appropriate under law or equity.

## REQUEST FOR JURY TRIAL

Plaintiff requests that all issues of fact be determined by a twelve-person jury.

DATED this 19th day of May, 2021.

BECK, AMSDEN & STALPES, PLLC

JUSTIN P. STALPES, ESQ.

*Attorneys for Plaintiff*